IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-84-BO

| | | |
|---|---|---|
| RENE ROBINSON, | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| EQUIFAX, EXPERIAN, TRANSUNION, | ) | |
| BOARD MEMBERS AND/ALL | ) | |
| EMPLOYEE et Seq., | ) | |
|     Defendants. | ) | |

This matter is before the Court on the following motions:

1.     A Motion to Amend/Correct filed by Plaintiff Rene Robinson [D.E. 11];

2.     A Motion to Dismiss or in the Alternative, a Motion for a More Definite Statement filed by Defendants Experian Information Solutions, Inc. ("Experian")[1] [D.E. 5; D.E. 21][2];

3.     A Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Trans Union LLC ("Trans Union")[3] [D.E. 27];

4.     A Motion for Joinder to Defendant Trans Union's Motion to Dismiss Plaintiff's Complaint filed by Equifax Information Services LLC ("Equifax")[4][D.E. 31];

5.     A Motion to Quash Plaintiff's Subpoena Duces Tecum filed by Experian [D.E.

---

[1]Incorrectly named "Experian . . . Board members and/all Employee" in the Complaint.

[2]Citing the "meandering path" that this case has taken, Experian has filed what appear to be identical motions entitled "Motion to Dismiss or in the Alternative, Motion for a More Definite Statement." Experian filed its first Motion to Dismiss on July 15, 2010, [D.E. 5] while the Plaintiff's application to proceed *in forma pauperis* was pending before the Court and prior to the docketing of Plaintiff's Complaint. Experian filed a second Motion to Dismiss on November 9, 2010 [D.E. 21], after the Complaint was docketed on October 14, 2010. Because Experian's two Motions to Dismiss are identical, they will be treated the same for purposes of this Court's analysis.

[3]Incorrectly named "TransUnion, Board Members and/all Employee" in the Complaint.

[4]Incorrectly named "Equifax . . . Board members and/all Employee" in the Complaint.

37];

6.     A Motion for Joinder in Experian's Motion to Quash Plaintiff's Subpoena Duces Tecum and Motion to Quash Plaintiff's Subpoena Duces Tecum filed by Trans Union [D.E. 39].

For the following reasons, Plaintiff's Motion to Amend/Correct is GRANTED; Experian's Motion to Dismiss or in the Alternative, Motion for a More Definite Statement is GRANTED; Trans Union's Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED; Equifax's Motion for Joinder to Defendant Trans Union's Motion to Dismiss Plaintiff's Complaint is GRANTED; Experian's Motion to Quash Plaintiff's Subpoena Duces Tecum is GRANTED; and Trans Union's Motion for Joinder in Experian's Motion to Quash Plaintiff's Subpoena Duces Tecum and Motion to Quash Plaintiff's Subpoena Duces Tecum is GRANTED.

## BACKGROUND

Plaintiff Rene Robinson ("Plaintiff"), appearing *pro se*, filed her Motion to Appear In Forma Pauperis and Proposed Complaint on June 24, 2010. Experian responded to Plaintiff's Complaint on July 15, 2010, with a Motion to Dismiss, or in the Alternative, a Motion for a More Definite Statement. Plaintiff replied on August 12, 2010 and, on the same day, filed documents to amend her Motion to Appear In Forma Pauperis. On October 14, 2010, the Court granted Plaintiff's Motion to Proceed in Forma Pauperis and docketed Plaintiff's Complaint. On November 9, 2010, Experian filed a Motion to Dismiss which mirrored its filing of July 15, 2010. Trans Union followed the same course as Experian, and filed a Motion to Dismiss Pursuant to Rule 12(b)(6) on November 12, 2010. On November 15, 2010, Equifax filed a Motion for Joinder to Defendant Trans Union's Motion to Dismiss Plaintiff's Complaint.

2

Experian and Trans Union filed Motions to Quash a Subpoena Duces Tecum on November 19, 2010 and November 23, 2010, respectively.

Plaintiff's Complaint asserts claims against "Equifax, Experian, TransUnion, Board Members And/All Employee et Seq." Although it is difficult to discern Plaintiff's specific allegations, Plaintiff appears to allege a violation of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681a. Plaintiff seeks punitive and compensatory damages, in a total amount of five (5) billion dollars. Additionally, she requests removal and deletion of "[a]ll credit that is reporting as Advisory [sic] . . . ."

## DISCUSSION

I.    Plaintiff's Motion to Amend/Correct

First, the Court considers Plaintiff's Motion to Amend/Correct. It is difficult to decipher the purpose of this motion. Plaintiff filed this Motion after Defendant Experian filed its first Motion to Dismiss or in the Alternative, Motion for a More Definite Statement. Plaintiff's Motion appears, in substance, to reply to Experian's Motion to Dismiss. However, Plaintiff has labeled the instant Motion as a Motion to Amend/Correct, which suggests that the Plaintiff wishes to supplement her proposed Complaint with additional information bearing on her claims.

This case differs, chronologically, from the typical proceeding. Plaintiff filed her Motion for Leave to Proceed In Forma Pauperis on June 24, 2010. Defendant Experian, prior to the docketing of Plaintiff's Complaint, filed its Motion to Dismiss or in the Alternative, Motion for a More Definite Statement on July 15, 2010. Plaintiff then filed the instant Motion to Amend/Correct on August 12, 2010, while her Motion for Leave was still pending before United States Magistrate Judge James E. Gates. By order dated October 13, 2010, Magistrate Judge

3

Gates granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis, and the clerk docketed

Plaintiff's Complaint the following day [D.E. 14]. Thus, in an odd procedural twist, both a

Motion to Dismiss and a Motion to Amend were filed *before* the actual Complaint was docketed

in this case.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule

15(a) provides that:

> a party may amend its pleading once as a matter of course within: (A) 21 days after serving
> it, or, (B) if the pleading is one to which a responsive pleading is required, 21 days after
> service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e),
> or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)-(B).

Rule 15(a) addresses the conventional proceeding, where an amendment follows, rather

than precedes, an initial pleading. The Rule fails, however, to address the unique scenario at

hand. In this case, the Court has before it a Motion to Amend that was filed *earlier* in time than

the actual Complaint itself. Rule 15's plain language provides little, if any, guidance for the

Court.

Although the language of Rule 15 do not mechanistically apply to the instant Motion,

Rule 15's liberal spirit of granting amendments to the pleadings guides this Court's analysis. *See*

*Gambelli v. United States*, 904 F.Supp. 494, 498-99 (E.D. Va. 1995) (explaining that motions to

amend should be granted liberally, in favor of the free allowance of amendments), *aff'd*, 87 F.3d

1308 (4th Cir. 1996). As Rule 15(c) provides, "the Court should freely give leave when justice

so requires." Fed. R. Civ. P. 15(c).

Justice, in the present case, demands granting the Plaintiff leave so that she has a full and

4

fair opportunity to present her claims and the facts underlying those claims to this Court. Moreover, Defendants have known of the substance of Plaintiff's Motion to Amend/Correct for nearly six months, without ever voicing objection or otherwise responding. Granting leave for Plaintiff to assert the information contained in the Amended Complaint will not, therefore, prejudice the Defendants. Plaintiff's Motion to Amend/Correct is GRANTED.

II.     Equifax's Motion for Joinder to Trans Union's Motion to Dismiss

Next, the Court considers Equifax's Motion for Joinder to Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint [D.E. 31]. Joinder is not applicable in this instance. However, the Court will construe Equifax's Motion as a request to adopt Trans Union's Motion to Dismiss. Equifax's Motion is GRANTED.

The joinder rules in federal court govern the inclusion in a pending case of either unnamed parties or of unasserted claims against a named party. *See* Fed. R. Civ. P. 18 (claim joinder); Fed. R. Civ. P. 19 (required party joinder); Fed. R. Civ. P. 20 (permissive party joinder). Rule 18 allows a party to join as many claims as he has against an opposing party in a single action. Fed. R. Civ. P. 18(a). Rule 19 prescribes the requirements for joining an unnamed party who is necessary to the complete adjudication of an action. *See* Fed. R. Civ. P. 19. Rule 20 outlines the procedures to be followed for joining additional plaintiffs or defendants, when those parties are not necessary to the complete adjudication of the action. *See* Fed. R. Civ. P. 20(a)(1)-(2).

None of the joinder rules, however, applies in the instant case. Equifax is a named Defendant in the Complaint, so Rules 19 and 20 are inapplicable. Rule 18 is inapplicable because Equifax has not asserted any claims against Plaintiff that could be joined in the action.

5

It appears, however, on a liberal reading of Defendant's Motion for Joinder, that Equifax merely wishes to adopt Trans Union's Motion to Dismiss [D.E. 27] as its own. The Court finds that the claims alleged in Plaintiff's Complaint against Trans Union are the same claims alleged against Equifax. Accordingly, the Court will apply its analysis of Trans Union's Motion to Dismiss to Equifax as well. Equifax's Motion for Joinder–construed as a request to adopt Trans Union's Motion to Dismiss–is GRANTED.

III.     Experian's Motions to Dismiss

Next, the Court Consider's Experian's Motions to Dismiss [D.E. 5; D.E. 21]. Pursuant to Rule 12(b)(6), Experian requests that this Court dismiss Plaintiff's Complaint for failure to state a claim. Experian contends that "because Plaintiff's Complaint fails to meet the pleading requirements of Rule 8(a)(2) and amounts to mere conclusory accusations, it fails to provide Experian with fair notice of the Plaintiff's claims and the grounds upon which they rest. Plaintiff's insufficient pleading, Experian contends, warrants dismissal of the Complaint.

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct.

6

1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

Here, the muddled Complaint appears to allege a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a. Plaintiff's vague and nonspecific allegations, however, cannot withstand Experian's 12(b)(6) motion. The Complaint asserts conclusory allegations; it fails to even explicitly name Experian other than in the caption. The Complaint is devoid of any factual allegations of Experian's wrongful conduct. In fact, the Complaint lacks factual allegations related to *any* conduct of Experian's whatsoever. To the extent Plaintiff attempts to allege a violation of the FCRA, Plaintiff fails to plead sufficient facts to state a claim under any theory of an FCRA violation. Accordingly, Experian's Motions to Dismiss [D.E. 5; D.E. 21] are GRANTED. Experian is dismissed from the case.

IV.     Trans Union's Motion to Dismiss

Next, the Court considers Trans Union's Motion to Dismiss [D.E. 27], which has been adopted *in toto* by Equifax.[5] Trans Union contends that Plaintiff's Complaint is "subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state facts sufficient to support a claim for relief under the FCRA."

---

[5]*See supra* Part II (construing Equifax's Motion for Joinder as a request to adopt Trans Union's Motion to Dismiss).

As outlined in the Court's analysis of Experian's Motions to Dismiss,[6] Plaintiff's

Complaint fails to allege sufficient facts to support any FCRA claim against Trans Union. As

presented to this Court, the Complaint does not allege facts which raise Plaintiff's right to relief

above the speculative level, and which establish that Plaintiff's claim is "plausible on its face."

*Twombly*, 550 U.S. at 555. Because the Complaint fails to state a claim for which relief can be

granted, Trans Union is entitled to a dismissal of this action. Trans Union's Motion to Dismiss is

GRANTED. Trans Union and Equifax are dismissed from the case.

V.      Experian's Motion to Quash

Next, the Court Consider's Experian's Motion to Quash Plaintiff's Subpoena Duces

Tecum [D.E. 38]. Federal Rule of Civil Procedure 45(c)(3) outlines the standards for an issuing

court to quash or modify a subpoena. The Rule provides that "[o]n timely motion, the issuing

court *must* quash or modify a subpoena that: [*inter alia*] . . . subjects a person to undue burden."

Fed. R. Civ. P. 45(c)(3)(A)(iv) (emphasis added).

Here, Experian was served with Plaintiff's Subpoena Duces Tecum on November 16,

2010, before this Court's adjudication of Defendant's dispositive Motions to Dismiss and before

discovery commenced in this case. Pursuant to this Order, the Court has now dismissed all

named Defendants from the case. The Court will be directing the Clerk to close the case, ending

Plaintiff's pursuit of her claims. Because this matter has been terminated, any subpoena

requiring a named Defendant to produce relevant material is *per se* burdensome and must be

quashed by this Court.

Furthermore, Plaintiff's Subpoena Duces Tecum was procedurally premature because it

---

[6]*See supra* Part III.

was delivered to counsel for Experian prior to the parties' Rule 26(f) conference. Plaintiff's procedural missteps violated Federal Rule of Civil Procedure 26(d), which states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). By seeking discoverable material through a subpoena prior to the Rule 26(f) conference, Plaintiff violated Federal Rule of Civil Procedure 26(d).

For these reasons, Experian's Motion to Quash Plaintiff's Subpoena Duces Tecum [D.E. 38] is GRANTED. Plaintiff's unduly burdensome and procedurally improper Subpoena Duces Tecum served on Experian is hereby QUASHED by this Court.

VI.     Trans Union's Motion for Joinder in Experian's Motion to Quash Plaintiff's Subpoena Duces Tecum and Motion to Quash Plaintiff's Subpoena Duces Tecum

Finally, the Court considers Trans Union's Motion for Joinder in Experian's Motion to Quash Plaintiff's Subpoena Duces Tecum and Motion to Quash Plaintiff's Subpoena Duces Tecum [D.E. 39]. Trans Union and Experian received identical Subpoenas Duces Tecum in connection with this case. Trans Union has adopted as its own those arguments set forth in Experian's Motion to Quash. For those reasons set forth in Part V, *supra*, Trans Union's Motion to Quash is GRANTED. Plaintiff's Subpoena Duces Tecum served on Trans Union is hereby QUASHED by this Court.

## CONCLUSION

In sum, Plaintiff's Motion to Amend/Correct [D.E. 11] is GRANTED; Experian's Motion to Dismiss or in the Alternative, Motion for a More Definite Statement is GRANTED [D.E. 5; D.E. 21]; Trans Union's Motion to Dismiss Pursuant to Rule 12(b)(6) [D.E. 27] is GRANTED; Equifax's Motion for Joinder to Defendant Trans Union's Motion to Dismiss Plaintiff's

Complaint [D.E. 31] is GRANTED; Experian's Motion to Quash Plaintiff's Subpoena Duces

Tecum [D.E. 37] is GRANTED; and Trans Union's Motion for Joinder in Experian's Motion to

Quash Plaintiff's Subpoena Duces Tecum and Motion to Quash Plaintiff's Subpoena Duces

Tecum [D.E. 39] is GRANTED. Those Subpoenas served on Experian and Trans Union

pursuant to this proceeding are hereby QUASHED by this Court.

DONE and ORDERED.

This the 24 day of January, 2011.

Terrence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10